1  MICHAEL J. HADDAD (State Bar No. 189114)
   JULIA SHERWIN (State Bar No. 189268)
2  MAYA SORENSON (State Bar No. 250722)
   TERESA ALLEN (State Bar No. 264865)
3  HADDAD & SHERWIN LLP
4  505 Seventeenth Street
   Oakland, California  94612
5  Telephone: (510) 452-5500
   Fax: (510) 452-5510
6

7  Attorneys for Plaintiff
   CARL EDWARDS
8

9          **UNITED STATES DISTRICT COURT**

10         **EASTERN DISTRICT OF CALIFORNIA**

11

12  CARL EDWARDS, Individually,              )
                                            )
13              Plaintiff,                   )
    vs.                                      )
14                                           )    **COMPLAINT FOR DAMAGES,**
    CITY OF VALLEJO, a public entity,        )    **DECLARATORY, AND INJUNCTIVE**
15  VALLEJO CHIEF OF POLICE                  )    **RELIEF, AND DEMAND FOR JURY**
    ANDREW BIDOU, in his individual          )    **TRIAL**
16  capacity, VALLEJO POLICE OFFICERS        )
    SPENCER MUNIZ-BOTTOMLEY,                 )
17  MARK THOMPSON, BRETTON                   )
    WAGONER, SERGEANT STEVE                  )
18  DARDEN, and DOES 1 through 10,           )
    individually, jointly and severally,     )
19                                           )
                                            )
20              Defendants.                  )
                                            )
21  _____ )

22

23

24

25

26

27

28

Plaintiff, by and through his attorneys, HADDAD & SHERWIN LLP, for his Complaint against Defendants, states as follows:

## JURISDICTION

1.      This is a civil rights action arising from Defendants' unreasonable seizure, excessive force, and malicious prosecution of Plaintiff CARL EDWARDS ("Plaintiff"), on or about July 30, 2017, in the City of Vallejo, County of Solano, California.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT

2.      A substantial part of the events and/or omissions complained of herein occurred in the City of Vallejo, Solano County, California, and, pursuant to Eastern District Civil Local Rule 120(d), this action is properly assigned to the Sacramento Division of the United States District Court for the Eastern District of California.

## PARTIES AND PROCEDURE

3.      Plaintiff CARL EDWARDS is, and at all material times was, a resident of the State of California.

4.      Defendant CITY OF VALLEJO ("CITY") is a public entity, duly organized and existing under the laws and Constitution of the State of California.  Under its authority, the CITY owns, operates, manages, directs, and controls the VALLEJO POLICE DEPARTMENT ("VPD"), which employs and/or is responsible for the other Defendants in this action.  Pursuant to California Government Code § 815.2, the CITY is vicariously liable for the state law torts of its employees and agents, including the individual Defendants herein.

5.      Defendant VALLEJO CHIEF OF POLICE ANDREW BIDOU ("BIDOU") at all material times was employed by Defendant CITY as the VPD's Chief of Police, and he was acting

within the course and scope of that employment.  As Chief of Police, Defendant BIDOU was a policy making officer for Defendant CITY, with the power to make official and final policy for the VPD.  Defendant BIDOU is being sued in his individual capacity.

6.      Defendant OFFICER SPENCER MUNIZ-BOTTOMLEY ("BOTTOMLEY") at all material times was employed as a police officer by Defendant CITY, and he was acting within the course and scope of that employment.

7.      Defendant OFFICER MARK THOMPSON ("THOMPSON") at all material times was employed as a police officer by Defendant CITY, and he was acting within the course and scope of that employment.

8.      Defendant OFFICER BRETTON WAGONER ("WAGONER") at all material times was employed as a police officer by Defendant CITY, and he was acting within the course and scope of that employment.

9.      Defendant SERGEANT STEVE DARDEN ("DARDEN") at all material times was employed as a police officer by Defendant CITY, and he was acting within the course and scope of that employment.

10.      The true names and capacities of Defendants sued herein as DOES 1–10 ("DOE Defendants") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.  Each DOE Defendant was an employee/agent of Defendant CITY and the VPD, and at all material times acted within the course and scope of that relationship.

11.      Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of Defendants BOTTOMLEY, THOMAS, WAGONER, DARDEN, and other DOE Defendants.

12.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

13.     At all material times, each Defendant was jointly engaged in tortious activity, was fundamentally involved, and was an integral participant to the events and violations of rights described herein, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

14.     The acts and omissions of all Defendants as set forth herein were, at all material times, pursuant to the actual customs, policies, practices, and procedures of the CITY and the VPD.

15.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the CITY OF VALLEJO.

16.     Plaintiff timely and properly filed a government code claim pursuant to California Government Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

17.     This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

## GENERAL ALLEGATIONS

18.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

19.     On or about July 30, 2017, at approximately 4:00 p.m., in or around the 400 block of Tennessee Street in the City of Vallejo, Solano County, Defendant BOTTOMLEY was pursuing a male suspect wearing a white tank top and black jeans who had allegedly shot a sling shot at kids in the neighborhood.  At the same time, Plaintiff, a 49-year-old man wearing a gray

1    shirt and brown pants, was working on the fence outside of his woodwork shop at 433 Tennessee

2    Street.

3        20.    Defendant BOTTOMLEY wrote a false police report about this incident where he

4    claimed that another officer had identified Plaintiff as a "suspect;" in fact, involved officers' body

5    camera and radio recordings reveal that no officer identified Plaintiff as a suspect – only as a

6    possible witness.  Although it was readily apparent that Plaintiff did not fit the description of the

7    suspect Defendant BOTTOMLEY was pursuing, Defendant BOTTOMLEY nonetheless

8    aggressively approached Plaintiff and yelled, "Come over here, I want to talk to you!"  Defendant

9    BOTTOMLEY lacked both probable cause to arrest and reasonable suspicion to detain Plaintiff.

10       21.    Defendant BOTTOMLEY activated his body-worn camera as he approached

11   Plaintiff.  On information and belief, Defendants THOMPSON, WAGONER, DARDEN, and one

12   or more DOE Defendants also activated their body-worn cameras during this altercation.  VPD

13   body-cameras capture both video and audio recordings.  A witness standing directly across the

14   street captured cell-phone video footage of the incident as well.

15       22.    Without knowing why Defendant BOTTOMLEY wanted to talk to him, Plaintiff

16   responded, "We can talk right here."  Rather than talk consensually, without warning and any

17   lawful justification, Defendant BOTTOMLEY grabbed Plaintiff's arms, tackled him down to the

18   hard cement ground, and forcibly placed him in a choke hold, cutting off Plaintiff's air and making

19   it difficult to breathe.  Plaintiff had not committed any crime and was not engaged in any unlawful

20   conduct.  Under California law, and according to Defendant officers' state-mandated training,

21   Plaintiff Edwards had the right of self-defense to resist this unprovoked and excessive use of

22   force.[1]

23       23.    Defendants THOMPSON and WAGONER, who had been at 414 Tennessee Street

24   interviewing the reporting party who had initiated the 911 call regarding the sling shot suspect, ran

25

26   _____

     [1] *Evans v. City of Bakersfield,* 22 Cal. App. 4th 321, 331 (1994); *Lucas v. City of Visalia*,
27   No. 1:09-cv-1015 AWI, 2013 U.S. Dist. LEXIS 98549 at *29 (E.D. Cal. July 13, 2013);
     *Robinson v. City of San Diego*, 954 F.Supp.2d 1010, 1024 (S.D. Cal. 2013).
28

approximately 75 feet down the hill and across the street to join Defendant BOTTOMLEY in his unlawful takedown and excessive use of force against Plaintiff.  Together Defendants THOMPSON, WAGONER, and BOTTOMLEY, joined by Defendant DARDEN shortly thereafter and DOES 1–10, worked in concert to viciously beat Plaintiff by each of them delivering multiple blows to Plaintiff's head, shoulder, arms, torso and elsewhere on his body using their elbows, fists, knees, and batons while Plaintiff bled profusely from his face and begged them to stop.  Plaintiff can be heard screaming in agony, "I didn't do anything!" and "Stop doing this to me!"  Plaintiff never attempted to strike or injure any officer.

24.     Despite Plaintiff not resisting or threatening anyone in any way; that he was not a criminal and had not committed any crime, while Plaintiff was down and restrained by multiple officers, Defendant WAGONER unnecessarily placed him in another choke hold or carotid restraint, further diminishing his ability to breathe.  On information and belief, Plaintiff temporarily lost consciousness as a result of this choke hold/carotid restraint.

25.     After this unlawful beating, Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1–10, acting as integral participants, collectively handcuffed and arrested Plaintiff.  Videos show that Plaintiff's face was covered in his own blood.

26.     At some point, someone summoned paramedics who transported Plaintiff to Sutter Hospital in Vallejo for medical clearance.

27.     Plaintiff was not armed with a weapon, never attempted to strike or injure any of the officers, never tried to flee, and never posed any immediate threat to the officers or anyone to justify the high level of injurious force used against him.  Defendants brutally beat Plaintiff without legal cause or purpose.

28.     Defendants' brutal attack caused Plaintiff to lose consciousness for a period of time, sustain head trauma, a broken nose, a swollen and blackened right eye, left shoulder sprain, lacerations and bruises to his face, head, back, arms, and hands, including stiches over his right brow.

29.     Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1–10 each personally and directly used excessive force in the absence of any immediate threat, in the absence of any objectively reasonable information that Plaintiff had committed a serious crime, and in the absence of any unlawful resistance or attempted flight by Plaintiff.  Plaintiff never possessed or displayed any weapon.  The force used by Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1–10 against Plaintiff was unjustified and objectively unreasonable under the circumstances.  There was no need to use any force at all against Plaintiff under these circumstances.

30.     At all times, Defendants' seizure of Plaintiff was done without probable cause, reasonable suspicion, or other legal right; and violated Plaintiff's rights by threat, intimidation, or coercion.

31.     Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which Defendant BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1-10 decided to unlawfully seize and use force against Plaintiff, and caused an escalation of events leading to the unlawful seizure and use of force against and injury to Plaintiff.

32.     At all times, Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1–10 were working as a team, each providing armed back-up to the others, and each working toward their shared mission to apprehend and beat Plaintiff.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendants BOTTOMLEY, THOMPSON, WAGONER, and DARDEN are among a larger group of VPD officers who have similar "sleeve" tattoos that cover the entirety of one or both arms.  Their sleeve tattoos were clearly visible in this incident, and on contemporaneous videos, as Defendants were wearing short sleeved uniforms.  Tattoo commonality among officers within California police departments has been linked to membership in an organized crime association or gang involving

officers who collectively engage in highly aggressive police tactics. (L.A. County Sheriff Announces Inquiry into Secret Societies of Deputies and Their Matching Tattoos (July 26, 2018): https://www.latimes.com/local/lanow/la-me-sheriff-tattoo-oversight-commission-20180726-story.html).   The tattoos may represent "notches" to symbolize the officers' criminal conduct or victim, much like street gang members get tattoos of different styles to signify their victims. (Whistleblower Cop: Fellow Officers Getting "Gang Tattoos" To Celebrate Their Shooting Victims (October 12, 2014): https://thefreethoughtproject.com/cops-reportedly-gang-tattoos-count-shooting-victims/).  The Ninth Circuit has described a secret society of police officers with matching tattoos and aggressive policing, known as the "Vikings" within the Lynwood, California police department, as a "neo-Nazi, white supremacist gang." *Thomas v. County of Los Angeles*, 978 F.2d 504, 511 (9th Cir. 1992).  See also, https://en.wikipedia.org/wiki/Lynwood_Vikings; On information and belief, the "gang" of officers operating subversively within the VPD and identified by their sleeve tattoos, including, Defendants BOTTOMLEY, THOMPSON, WAGONER, and DARDEN, promote excessive force, false allegations of unlawful conduct by its victims, and a code of silence among its members.

34.     Despite Defendants' lack of probable cause or objective facts to do so, Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1-10 maliciously caused Plaintiff to be prosecuted in violation of California Penal Code ("CPC") § 245(a)(1)(assault with a deadly weapon) and CPC § 69 (resisting an executive officer who is engaged in the lawful performance of his or her duties), felonies Plaintiff did not commit.  On August 14, 2018, those charges were dismissed by the Superior Court due to "LACK OF SUFFICIENT EVIDENCE."

35.     On information and belief, Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, CITY OF VALLEJO, and/or DOES 1–10 withheld exculpatory information relating to Plaintiff's lawful conduct during his arrest, and they brought, with malice, false and fabricated charges against Plaintiff for violating California Penal Code §§ 69(a) and 245(a)(1), both to avoid the consequences for Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1-10 use of unjustifiable and unlawful seizure and use of

force against Plaintiff, and to prevent Plaintiff from later petitioning the government through the courts for redress of violations of his Constitutional rights.

36.     On information and belief, with the knowledge, acquiescence, and approval of each other, Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1-10 knowingly filed false police reports that falsely stated facts claiming that Plaintiff unlawfully resisted arrest and that a victim and/or witness claimed that Plaintiff threw rocks at a child.  In fact, Defendants knew that Plaintiff did not unlawfully resist arrest and that no witness had identified Plaintiff as having thrown rocks at a child or anyone else.  Defendants also omitted material facts, including concerning their unlawful detention and arrest of Plaintiff and their use of obviously excessive force against Plaintiff and Plaintiff's right to self-defense.

37.     Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1-10 filed and conspired to file such materially false allegations in their reports knowing that their reports would be forwarded to the District Attorney's Office for investigation and institution of criminal charges against Plaintiff.  Further, Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1-10 cited Plaintiff for the above-listed felonies, based on their materially false statements and omissions. And based on Defendants' false statements, the District Attorney's office prosecuted Plaintiff for those felonies for over one year, predictably causing Plaintiff emotional distress and costs of criminal defense, including attorneys' fees.

38.     At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

39.     Plaintiff required medical treatment for his injuries caused by Defendants and has incurred medical bills. Defendants also may have denied Plaintiff prompt and necessary medical care out of spite and malice.

40.     As a direct and proximate result of each Defendant's acts and/or omissions as set

forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

   a.   Significant physical injuries requiring continuing medical treatment,
        including but not limited to, head trauma, loss of consciousness, broken
        nose, a swollen and blackened right eye, left shoulder sprain, lacerations
        and bruises to his face, head, back, arms, and hands, including stiches over
        his right brow.

   b.   Pain and suffering, including emotional distress;

   c.   Medical expenses and physical therapy;

   d.   Malicious prosecution including economic losses;

   e.   Violation of constitutional rights;

   f.   All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988,
        and as otherwise allowed under California and United States statutes, codes,
        and common law.

41.     Plaintiff filed a timely claim with Defendant CITY pursuant to California

Government Code § 910 et seq. on January 22, 2018.  Defendant CITY served its notice rejecting

the claim on March 12, 2018.

## COUNT ONE
## -- 42 U.S.C. § 1983 --
## DEFENDANTS BOTTOMLEY, THOMPSON, WAGONER, DARDEN, AND DOES 1-10

42.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth

here.

43.     By the actions and omissions described above, Defendants BOTTOMLEY,

THOMPSON, WAGONER, DARDEN, and DOES 1–10, violated 42 U.S.C. § 1983, depriving

Plaintiff of the following clearly established and well-settled constitutional rights protected by the

First, Fourth, and Fourteenth Amendments to the U.S. Constitution:

   a.   The right to be free from unreasonable searches and seizures as secured by the
        Fourth Amendment;

COMPLAINT AND JURY DEMAND                                                                10

b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth Amendment; and

c. The right to be free from malicious prosecution as secured by the Fourth and/or Fourteenth Amendments, and the right to be free from malicious prosecution done for the purpose of depriving Plaintiff of the right to petition the government through the courts for redress of civil rights violations, and/or for the purpose of depriving Plaintiff of the right to freedom of speech and expression without retaliation, and/or for the purpose of depriving Plaintiff of equal protection of law, as secured by the First and Fourteenth Amendments.

44.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions

45.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at ¶ 40, above.

46.     The conduct of Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1–10 entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law.  Plaintiff does not seek punitive damages against Defendant CITY.

47.     Plaintiff is also entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and applicable California codes and law.

**COUNT TWO**
**- 42 U.S.C. § 1983 – Supervisory and Municipal Liability**
**<u>DEFENDANTS CITY OF VALLEJO, VPD CHIEF ANDREW BIDOU,</u>**
**<u>AND DOES 1–10</u>**

48.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

49.     The unconstitutional actions and/or omissions of Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1–10, as well as other officers employed by or acting on behalf of Defendant CITY and the VPD, upon information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the VPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by Defendant BIDOU and other policy making officers for Defendant CITY and the VPD:

   a.   To use or tolerate the use of excessive and/or unjustified force

   b.   To engage in or tolerate unreasonable seizures;

   c.   To engage in or tolerate malicious prosecution as well as fabrication and mischaracterization of evidence of crimes and failure to disclose exculpatory evidence for the purpose of covering up, and avoiding accountability for, civil rights violations;

   d.   To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning: use of force; seizures; use of physical arrest tactics, and citation/charging of crimes when the need for such training, supervision, policies, and procedures is obvious;

   e.   To tolerate and/or condone a police "gang" as may be evidenced by clearly visible matching tattoos and a pattern of unlawful arrests, uses of excessive force, fabricated police reports, false allegations of crimes, and a code of silence;

   f.   To cover-up violations of constitutional rights by any or all of the following:

      i.   by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures, excessive force, malicious prosecution, dishonesty, and/or other misconduct;

      ii.   by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

      iii.   by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

g.  To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct;

h.  To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (g) above, when the need for such was obvious, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs.

50.  Defendants CITY, BIDOU, and DOES 1–10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1–10, and other VPD personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

51.  The unconstitutional actions and/or omissions of Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1–10 and other VPD personnel, as described above, were approved, tolerated and/or ratified by Defendant BIDOU and other policy making officers for the VPD.  Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within Defendant CITY and the VPD, including Defendant BIDOU, and that such policy makers have direct knowledge of the facts of this incident.  Notwithstanding this knowledge, the authorized policy makers within Defendant CITY and the VPD, including Defendant BIDOU, have approved of the conduct of Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1–10, and other VPD personnel, and have made a deliberate choice to endorse the decisions of those Defendant officers and the basis for those decisions.  By so doing, the authorized policy makers within the Defendant

CITY and the VPD, including Defendant BIDOU, have shown affirmative agreement with the individual Defendant officers' actions, and have ratified the unconstitutional acts of the individual Defendant officers.

52.    The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct by Defendants CITY, BIDOU, and DOES 1–10, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in ¶ 43, above.

53.    Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

54.    As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY, BIDOU, and DOES 1–10, as described above, Plaintiff sustained serious injury and is entitled to damages, penalties, costs and attorney fees as set forth in ¶¶ 44-47, above, and punitive damages against BIDOU and DOES 1–10 in their individual capacities.  Plaintiff does not seek punitive damages against Defendant CITY.

**COUNT THREE**
**-- VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 --**
**DEFENDANTS BOTTOMLEY, THOMPSON, WAGONER, DARDEN, AND DOES 1–10,**
**AND CITY OF VALLEJO**

55.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

56.    By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, and by threat, intimidation, and/or coercion, interfered with, attempted to interfere with, and violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a.   The right to be free from unreasonable searches and seizures as secured by the Fourth Amendment;

    b.   The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth Amendment;

    c.   The right to be free from retaliation and denial of equal protection for exercise of rights, speech and expression, and to petition the government through the courts for redress of civil rights violations as secured by the First and Fourteenth Amendments;

    d.   The right to be free from malicious prosecution as secured by the First, Fourth, and Fourteenth Amendments;

    e.   The right to be free from unlawful and unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

    f.   The right to be free from unreasonable and excessive force, as secured by the California Constitution, Article 1, Section 13; and

    g.   The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

57.    Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff's rights, Defendants violated Plaintiff's rights by the following conduct constituting threats, intimidation, or coercion:

   a.   Detaining Plaintiff without reasonable suspicion;

   b.   Tackling Plaintiff down to the hard ground in the absence of any threat or justification whatsoever after he was already on the ground and not resisting, attempting to flee, or posing any threat;

   c.   Punching Plaintiff in the head, shoulder, torso, and arms in the absence of any threat or justification whatsoever after he was already on the ground and not resisting, attempting to flee, or posing any threat;

   d.   Elbowing Plaintiff in the head, shoulder, torso, and arms in the absence of any threat or justification whatsoever after he was already on the ground and not resisting, attempting to flee, or posing any threat;

   e.   Kneeing Plaintiff in the head, shoulder, torso, and arms in the absence of any threat or justification whatsoever after he was already on the ground and not resisting, attempting to flee, or posing any threat;

   f.   Beating Plaintiff with a baton in the absence of any threat or justification whatsoever after he was already on the ground and not resisting, attempting to flee, or posing any threat;

   g.   Handcuffing Plaintiff while he was injured and in pain, in the absence of any indication that he posed an immediate threat to anyone's safety;

   h.   Arresting Plaintiff without probable cause, including forcing Plaintiff to the ground by beating and handcuffing him;

   i.   Continuing Plaintiff's arrest and custody after any probable cause that Defendants may have erroneously believed existed to justify arresting Plaintiff had eroded, such that the Defendants' conduct became intentionally coercive and wrongful;

   j.   Wrongfully causing charges to be filed against Plaintiff for violation of California Penal Code § 69(a) and§ 245(a)(1), where the charges were based on false identification of Plaintiff, and/or other bad faith conduct by Defendants;

   k.   Causing Plaintiff to be maliciously prosecuted for the additional purpose of chilling and/or preventing Plaintiff's exercise of rights to petition the government concerning his violation of rights, to freedom of speech and freedom of conscience; and

58.     As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and statutes, Plaintiff sustained injuries and damages, and is entitled to relief as set forth at ¶¶ 43-46, above, and all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys' fees, treble damages, civil penalties, and punitive damages against Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1–10.

59.     Defendant CITY is vicariously liable, under California Government Code § 815.2, for the violations of state law and tortious conduct of its VPD officers and individually named defendants.

**COUNT FOUR**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**<u>ALL DEFENDANTS</u>**

60.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

61.     At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

62.     At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

63.     These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

      a.     to refrain from using or tolerating the use of excessive and/or unreasonable force against Plaintiff;

      b.     to refrain from wrongfully arresting and/or detaining Plaintiff, or tolerating such conduct by others;

      c.     to refrain from tactics and conduct that led to the otherwise unnecessary seizure of and use of force against Plaintiff;

      d.     to refrain from abusing their authority granted them by law;

e. to refrain from violating Plaintiff rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

64. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants CITY, BIDOU, and DOES 1–10, include but are not limited to the following specific obligations:

a. to properly and adequately hire, investigate, train, supervise, monitor, and discipline their employees, agents, and/or VPD officers, including but not limited to Defendants BOTTOMLEY, THOMPSON, WAGONER, and DARDEN, to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

b. to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

c. to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at ¶ 48, above.

65. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

66. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 43-46, above, and punitive damages against Defendants BIDOU, BOTTOMLEY, THOMPSON, WAGONER, and DARDEN, in their individual capacities.

67. Defendant CITY is also vicariously liable, under California Government Code § 815.2, for the violations of state law and tortious conduct of its VPD officers and individually named Defendants.

**COUNT FIVE**
**-- ASSAULT AND BATTERY --**
**DEFENDANTS BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1–10, AND CITY OF VALLEJO**

68.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

69.     The actions and omissions of Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1–10, and CITY, as set forth above, constitute assault and battery.

70.     As a direct and proximate result of Defendants' assault and battery of Plaintiff, he sustained injuries and damages, and Plaintiff is entitled to relief as set forth above at ¶¶ 43-46, above, and punitive damages against Defendants BOTTOMLEY, THOMPSON, WAGONER, DARDEN and DOES 1–10.

71.     Defendant CITY is vicariously liable, under California Government Code § 915.2, for the violations of state law and tortious conduct of its VPD officers and individually named Defendants.

**COUNT SIX**
**-- FALSE ARREST AND IMPRISONMENT --**
**DEFENDANTS BOTTOMLEY, THOMPSON, WAGONER, DARDEN, and DOES 1–10, AND CITY OF VALLEJO**

72.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

73.     At no time during the events described above, and at all other pertinent times, did Defendants have a warrant for the arrest of Plaintiff, nor did Defendants have any facts or information that constituted probable cause that Plaintiff had committed or was about to commit a crime.  Defendants also lacked reasonable suspicion to detain Plaintiff at any time, and Defendants were not engaged in any lawful investigative detention of Plaintiff.

74.     Defendants, and each of them, intentionally and unlawfully exercised force to restrain, detain, and confine Plaintiff, putting restraint on Plaintiff's freedom of movement, and

compelled Plaintiff to remain and/or move against his will.  Defendants authorized, directed, and assisted in procuring, without process, Plaintiff's unlawful arrest and imprisonment.

75.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages and is entitled to relief as set forth at ¶¶ 43-46, above.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

    a.    compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

    b.    punitive damages under 42 U.S.C. § 1983 and California law in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Defendant City of Vallejo);

    c.    all other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Civil Code §§ 52 et seq., 52.1, California Code of Civil Procedure § 1021.5, and as otherwise may be allowed by California and/or federal law;

    d.    Injunctive relief, including but not limited to the following:

        i.    an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiff and others to be free from unreasonable searches and seizures, excessive and unreasonable force and malicious prosecution;

        ii.    an order prohibiting Defendants and their police officers from causing victims of their civil rights violations to be falsely and maliciously charged with crimes, including violation of California Penal Code § 69(a);

        iii.    an order prohibiting Defendants and their police officers from maintaining the unconstitutional

customs, policies, and practices as supported by proof; and

iv.     an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case.

e.     such other and further relief as presented by the evidence in this case and as this Court may deem appropriate.

DATED:  September 5, 2018                    HADDAD & SHERWIN LLP

_/s/Michael Haddad_
_____

MICHAEL HADDAD
Attorneys for Plaintiff

1

## **<u>JURY DEMAND</u>**

2

Plaintiff hereby requests a trial by jury.

3

4
DATED:  September 5, 2018                    HADDAD & SHERWIN LLP

5

6
                                             */s/ Michael Haddad*

7
                                             MICHAEL HADDAD
                                             Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28