1  **CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
2  **BY:  KATELYN M. KNIGHT**
Deputy City Attorney, SBN 264573
3  **CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
4  Vallejo, CA  94590
Tel:    (707) 648-4545
5  Fax:    (707) 648-4687
Email: katelyn.knight@cityofvallejo.net
6

7  Attorneys for Defendants, CITY OF VALLEJO, ANDREW BIDOU, STEVE DARDEN,
SPENCER BOTTOMLEY, MARK THOMPSON, and BRETTON WAGONER
8

9                    **UNITED STATES DISTRICT COURT**

10       **FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

11

12  CARL EDWARDS,                              Case No:   2:18-cv-02434-MCE-AC

13           Plaintiff,

14      vs.                                    **ANSWER OF DEFENDANTS CITY OF VALLEJO, ANDREW BIDOU, STEVE**
15  ANDREW BIDOU, CITY OF VALLEJO,             **DARDEN, SPENCER BOTTOMLEY,**
STEVEN DARDEN, SPENCER MUNIZ-               **MARK THOMPSON, AND BRETTON**
16  BOTTOMLEY, MARK THOMPSON,                  **WAGONER TO PLAINTIFF'S**
BRETTON WAGONER,                           **COMPLAINT; JURY TRIAL DEMANDED**
17
18           Defendants.

19

20         COMES NOW Defendants City of Vallejo (hereinafter "City") and ANDREW BIDOU,

21  STEVE  DARDEN,  SPENCER  BOTTOMLEY,  MARK  THOMPSON,  and  BRETTON

22  WAGONER (hereinafter referred to collectively as "Defendants") answer Plaintiffs' Complaint

23  for Damages as follows:

24                              **JURISDICTION**

25         1.      Answering the first paragraph, Defendants admit that Carl Edwards has filed a

26  Complaint for Damages under federal and state law arising from an alleged incident that took

27  place on July 30, 2017.  Defendants admit that jurisdiction is proper.  Defendants deny each and

28  every remaining allegation contained therein.

---

CASE NO. 2:18-cv-02434-MCE-AC                    ANSWER OF DEFENDANTS TO
                                                 PLAINTIFF'S COMPLAINT; JURY
                                                 TRIAL DEMANDED

**INTRADISTRICT ASSIGNMENT**

2.        Answering the second paragraph, Defendants admit that the alleged events underlying the Complaint took place in the City of Vallejo and that this action is properly assigned to the Sacramento Division of the United States District Court for the Eastern District of California.

**PARTIES AND PROCEDURE**

3.        Answering the third paragraph, Defendants lack sufficient knowledge or information to form a belief as to the current residence of Carl Edwards.  Defendants admit that Mr. Edwards was a resident of the State of California at the time of the underlying incident.

4.        Answering the fourth paragraph, Defendants admit that the City of Vallejo is a public entity organized and existing under the laws of the State of California.  Defendants admit that the City of Vallejo owns, operates, manages and controls the Vallejo Police Department.  Defendants admit that the Vallejo Police Department employs Andrew Bidou, Steve Darden, Mark Thompson, and Brett Wagoner, and that the Vallejo Police Department employed Spencer Bottomley at the time of the incident.  Defendants deny that Spencer Bottomley is currently employed with the Vallejo Police Department.  The remaining allegations in this paragraph are conclusions of law to which no response is required.

5.        Answering the fifth paragraph, Defendants admit that Andrew Bidou was employed as the Chief of Police for the Vallejo Police Department at the time of the alleged incident and thereafter.  Defendants admit that Chief Bidou has policy-making authority for the Vallejo Police Department.  Defendants admit that Plaintiff purports to sue Andrew Bidou in his individual capacity.

6.        Answering the sixth paragraph, Defendants admit that Spencer Bottomley was employed by the Vallejo Police Department on the date of the alleged incident.  Defendants lack sufficient knowledge and information to admit or deny the remaining allegations therein.

7.        Answering the seventh paragraph, Defendants admit that Mark Thompson was employed by the Vallejo Police Department on the date of the alleged incident.  Defendants lack sufficient knowledge and information to admit or deny the remaining allegations therein.

8.    Answering the eighth paragraph, Defendants admit that Bretton Wagoner was employed by the Vallejo Police Department on the date of the alleged incident.  Defendants lack sufficient knowledge and information to admit or deny the remaining allegations therein.

9.    Answering the ninth paragraph, Defendants admit that Steve Darden was employed by the Vallejo Police Department on the date of the alleged incident.  Defendants lack sufficient knowledge and information to admit or deny the remaining allegations therein.

10.    Answering the tenth paragraph, Defendants lack sufficient knowledge or information to form a belief as to the employment of DOE defendants or Plaintiff's knowledge of their identities.

11.    Answering the eleventh paragraph, Defendants deny wrongful or negligent conduct.  Defendants lack sufficient knowledge or information to form a belief as to the responsibilities of DOE defendants.

12.    Answering the twelfth paragraph, Defendants admit that Andrew Bidou, Steve Darden, Mark Thompson, Bretton Wagoner, and Spencer Bottomley were employed by the Vallejo Police Department on the date of the alleged incident.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations stated and on that basis deny each and every remaining allegation in this paragraph.

13.    Answering the thirteenth paragraph, Defendants deny each and every allegation contained therein.

14.    Answering the fourteenth paragraph, Defendants lack sufficient knowledge or information to admit or deny the allegations stated and on that basis deny each and every allegation in this paragraph.

15.    Answering the fifteenth paragraph, the allegations in this paragraph are conclusions of law to which no response is required.

16.    Answering the sixteenth paragraph, the allegations in this paragraph are conclusions of law to which no response is required.

17.    Answering the seventeenth paragraph, the allegations in this paragraph are conclusions of law to which no response is required.

### GENERAL ALLEGATIONS

18.   Answering the eighteenth paragraph, Defendants incorporate by reference their prior response to each paragraph as if fully set forth herein.

19.   Answering the nineteenth paragraph, Defendants admit that on July 30, 2017 around 4:00 p.m., Officer Bottomley was dispatched to the 400 block of Tennessee Street in the City of Vallejo to respond to a call.  Defendants admit that Carl Edwards was wearing a gray shirt and brown pants, and was standing near a fence.  Defendants deny each and every remaining allegation contained therein.

20.   Answering the twentieth paragraph, Defendants admit that Officer Bottomley stated to Carl Edwards 'come over here, I want to talk to you" or words to that effect. Defendants deny each and every remaining allegation contained therein.

21.   Answering the twenty-first paragraph, Defendants admit that Officer Bottomley activated his body-worn camera prior to approaching Carl Edwards.  Defendants admit that Officer Thompson also activated his body-worn camera during the encounter with Mr. Edwards. Defendants admit that the body-worn cameras used by the department capture video and also capture audio outside of buffering mode.  Defendants lack sufficient knowledge or information to admit or deny the allegations stated and on that basis deny each and every remaining allegation contained therein.

22.   Answering the twenty-second paragraph, Defendants deny each and every allegation contained therein.

23.   Answering the twenty-third paragraph, Defendants admit that Officers Thompson and Wagoner responded to 414 Tennessee Street and made contact with the reporting party. Defendants admit that Officers Thompson and Wagoner crossed the street to assist Officer Bottomley.  Defendants admit that the officers used reasonable force.  Defendants deny each and every remaining allegation contained therein.

24.   Answering the twenty-fourth paragraph, Defendants deny each and every allegation contained therein.

25.     Answering the twenty-fifth paragraph, Defendants admit that Plaintiff was handcuffed and placed under arrest.  Defendants admit that video footage shows blood on Plaintiff' face from small cuts he sustained while resisting the officers.  Defendants deny each and every remaining allegation contained therein.

26.     Answering the twenty-sixth paragraph, Defendants admit each and every allegation contained therein.

27.     Answering the twenty-seventh paragraph, Defendants deny each and every allegation contained therein.

28.     Answering the twenty-eighth paragraph, Defendants deny each and every allegation contained therein.

29.     Answering the twenty-ninth paragraph, Defendants admit that Plaintiff did not display a weapon and that no weapon was found on his person.  Defendants deny each and every remaining allegation contained therein.

30.     Answering the thirtieth paragraph, Defendants deny each and every allegation contained therein.

31.     Answering the thirty-first paragraph, Defendants deny each and every allegation contained therein.

32.     Answering the thirty-second paragraph, Defendants deny each and every allegation contained therein.

33.     Answering the thirty-third paragraph, Defendants admit that each of the officers have tattoos on their arms, Defendants deny that they have similar sleeve tattoos.  Defendants deny that Sgt. Darden has a sleeve tattoo covering the entirety of an arm.  Defendants lack sufficient knowledge or information regarding reports of criminal activity in other police departments.  Defendants deny each and every remaining allegation contained therein.

34.     Answering the thirty-fourth paragraph, Defendants admit that the criminal charges against Plaintiff were brought and subsequently dismissed by the assigned district attorney.  Defendants deny each and every remaining allegation contained therein.

35.     Answering the thirty-fifth paragraph, Defendants deny each and every allegation contained therein.

36.     Answering the thirty-sixth paragraph, Defendants deny each and every allegation contained therein.

37.     Answering the thirty-seventh paragraph, Defendants deny each and every allegation contained therein.

38.     Answering the thirty-eighth paragraph, Defendants deny each and every allegation contained therein.

39.     Answering the thirty-ninth paragraph, Defendants admit that Plaintiff was taken to the hospital for medical clearance.  Defendants are without sufficient knowledge and information as to the medical treatment and expenses incurred by Plaintiff.  Defendants deny each and every remaining allegation contained therein.

40.     Answering the fortieth paragraph, Defendants deny any violation of Plaintiff's rights.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations stated and on that basis deny each and every remaining allegation in this paragraph.

41.     Answering the forty-first paragraph, Defendants deny that Plaintiff's claim was filed on January 22, 2018.  Defendants admit that a notice of rejection was served on March 12, 2018.

## COUNT ONE

## 42 U.S.C. § 1983

42.     Answering the forty-second paragraph, Defendants incorporate by reference their prior response to each paragraph as if fully set forth herein.

43.     Answering the forty-third paragraph, Defendants deny each and every allegation contained therein.

44.     Answering the forty-fourth paragraph, Defendants deny each and every allegation contained therein.

45.     Answering the forty-fifth paragraph, Defendants deny each and every allegation contained therein.

46.     Answering the forty-sixth paragraph, Defendant admits that Plaintiff does not seek punitive damages against the City of Vallejo.  Defendants deny each and every remaining allegation contained therein.

47.     Answering the forty-seventh paragraph, Defendants deny each and every allegation contained therein.

## COUNT TWO

### 42 U.S.C. § 1983 – Supervisory and Municipal Liability

48.     Answering the forty-eighth paragraph, Defendants incorporate by reference their prior response to each paragraph as if fully set forth herein.

49.     Answering the forty-ninth paragraph, Defendants deny each and every allegation contained therein.

50.     Answering the fiftieth paragraph, Defendants deny each and every allegation contained therein.

51.     Answering the fifty-first paragraph, Defendants deny each and every allegation contained therein.

52.     Answering the fifty-second paragraph, Defendants deny each and every allegation contained therein.

53.     Answering the fifty-third paragraph, Defendants deny each and every allegation contained therein.

54.     Answering the fifty-fourth paragraph, Defendants admits that Plaintiff does not seek punitive damages against the City of Vallejo.  Defendants deny each and every remaining allegation contained therein.

## COUNT THREE

### VIOLATION OF CAL. CIVIL CODE § 52.1

55.     Answering the fifty-fifth paragraph, Defendants incorporate by reference their prior response to each paragraph as if fully set forth herein.

56.     Answering the fifty-sixth paragraph, Defendants deny each and every allegation contained therein.

57.     Answering the fifty-seventh paragraph, Defendants deny each and every allegation contained therein.

58.     Answering the fifty-eighth paragraph, Defendants deny each and every allegation contained therein.

59.     Answering the fifty-ninth paragraph, the allegations contained therein are conclusions of law to which no response is required.

**COUNT FOUR**

**NEGLIGENCE; PERSONAL INJURIES**

60.     Answering the sixtieth paragraph, Defendants incorporate by reference their prior response to each paragraph as if fully set forth herein.

61.     Answering the sixty-first paragraph, the allegations contained therein are conclusions of law to which no response is required.

62.     Answering the sixty-second paragraph, the allegations contained therein are conclusions of law to which no response is required.

63.     Answering the sixty-third paragraph, the allegations contained therein are conclusions of law to which no response is required.

64.     Answering the sixty-fourth paragraph, the allegations contained therein are conclusions of law to which no response is required.

65.     Answering the sixty-fifth paragraph, Defendants deny each and every allegation contained therein.

66.     Answering the sixty-sixth paragraph, Defendants deny each and every allegation contained therein.

67.     Answering the sixty-seventh paragraph, Defendants deny each and every allegation contained therein.

**COUNT FIVE**

**ASSAULT AND BATTERY**

68.     Answering the sixty-eighth paragraph, Defendants incorporate by reference their prior response to each paragraph as if fully set forth herein.

---

CASE NO. 2:18-cv-02434-MCE-AC

ANSWER OF DEFENDANTS TO
PLAINTIFF'S COMPLAINT; JURY
TRIAL DEMANDED

69.   Answering the sixty-ninth paragraph, Defendants deny each and every allegation contained therein.

70.   Answering the seventieth paragraph, Defendants deny each and every allegation contained therein.

71.   Answering the seventy-first paragraph, Defendants deny each and every allegation contained therein.

**COUNT SIX**

**FALSE ARREST AND IMPRISONMENT**

72.   Answering the seventy-second paragraph, Defendants incorporate by reference their prior response to each paragraph as if fully set forth herein.

73.   Answering the seventy-third paragraph, Defendants deny each and every allegation contained therein.

74.   Answering the seventy-fourth paragraph, Defendants deny each and every allegation contained therein.

75.   Answering the seventy-fifth paragraph, Defendants deny each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

1.   As a first affirmative defense, Defendants allege that the Complaint fails to state a claim upon which relief can be granted.

2.   As a second affirmative defense, the individual Defendants allege that all actions taken by them were reasonable under the circumstances and taken under a reasonable belief that the actions were not unlawful.  Defendants are therefore entitled to qualified immunity from liability for matters set forth in the Complaint.

3.   As a third affirmative defense, the Defendants allege that, to the extent Plaintiff asserts claims against Defendant Andrew Bidou in his official capacity, such claims are redundant of his claims against the City of Vallejo and are treated as claims against the City of Vallejo rather than the individuals named pursuant to *Hafer v. Melo*, 502 U.S. 21, 25 (1991) and *Ky. v. Graham*, 473 U.S. 159, 166 (1985).

CASE NO. 2:18-cv-02434-MCE-AC

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; JURY TRIAL DEMANDED

4.      As a fourth affirmative defense, Defendants allege that its officials and employees' actions were privileged under state law.

5.      As a fifth affirmative defense, Defendants allege that Plaintiff was negligent and careless in and about matters and events set forth in the Complaint for Damages.  Plaintiff's negligence proximately contributed to his alleged injuries and damages.  Any jury verdict in Plaintiffs' favor that may be rendered in this case, therefore, must be reduced by the percentage that his negligence contributed to any of his damages or injuries.

6.      As a sixth affirmative defense, Defendants allege that any harm which came to Plaintiff was a direct and proximate cause of his own actions.

7.      As a seventh affirmative defense, Defendants allege that, to the extent Plaintiff failed to take appropriate measures to mitigate his damages or injuries, Plaintiffs' alleged damages or injuries were aggravated by his failure to use reasonable diligence to mitigate them.

8.      As an eighth affirmative defense, Defendants allege that its officers were acting in their official capacities at all times relevant to this action, and any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.

9.      As a ninth affirmative defense, Defendants allege that Plaintiff's claims under state law are barred pursuant to Government Code §§ 815, 815.2, 820.2, 820.4, and 820.8.  Said sections are pleaded as though fully set forth herein.

10.      As a tenth affirmative defense, Defendants allege that Plaintiff's detention and arrest were made with reasonable suspicion and probable cause.

11.      As an eleventh affirmative defense, Defendants allege that Plaintiff's claims are fail as a consequence of California Penal Code §§ 835, 835a, 836 and 836.5.

12.      As a twelfth affirmative defense, Defendants allege that Plaintiff's claims against the City under 42 U.S.C. § 1983 are contrary to law, in that they are founded upon the doctrine of *respondeat superior*.  Neither a municipality nor its officers, supervisors, or policymakers can be held liable under 42 U.S.C. § 1983 under a *respondeat superior* theory.  *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).

1

2

3

**DEMAND FOR JURY**

Defendants hereby demand a trial by jury as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR JUDGMENT**

Wherefore the Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing by this action;

2.    That the Defendants be awarded the costs of defending this lawsuit;

3.    That the Defendants be awarded a judgment against the Plaintiff; and

4.    For such other and further relief as this Court deems proper.

DATED:  September 28, 2018                Respectfully submitted,

                                          */s/ Katelyn M. Knight*_____
                                          KATELYN M. KNIGHT
                                          Deputy City Attorney
                                          Attorney for Defendants, CITY OF VALLEJO,
                                          ANDREW BIDOU, STEVE DARDEN,
                                          SPENCER BOTTOMLEY, MARK
                                          THOMPSON and BRETTON WAGONER

---