MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
MAYA SORENSEN (State Bar No. 250722)
TERESA ALLEN (State Bar No. 264865)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
CARL EDWARDS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL EDWARDS, Individually,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, a public entity, VALLEJO CHIEF OF POLICE ANDREW BIDOU, in his individual and official capacities, VALLEJO POLICE OFFICERS SPENCER MUNIZ-BOTTOMLEY, MARK THOMPSON, BRETTON WAGONER, SERGEANT STEVE DARDEN, and DOES 1 through 10, individually, jointly and severally,<br><br>Defendants. | Case No. 2:18-cv-02434-MCE-AC<br><br>**STIPULATION AND (PROPOSED) ORDER RE: "FIRST LOOK" AGREEMENT RE: DEFENDANTS' FEDERAL RULE OF CIVIL PROCEDURE 45 SUBPOENAS SEEKING PLAINTIFF'S MEDICAL, BILLING, AND X-RAYS RECORDS** |

The parties, by and through their respective attorneys of record, hereby stipulate to the following order being issued in this matter:

1. On December 4, 2018, Plaintiff's counsel received Federal Rule of Civil Procedure 45 subpoenas for the Production of Documents which counsel for Defendants served or will serve by Quest Discovery Services on the following entity:

A. Sutter Solano Medical Center – Central Billing Office, seeking "[a]ny and all medical, billing, x-rays pertaining to Carl Edwards, DOB 09/01/1967, specific to head, face, shoulders, back, arms, and hand injuries from 7/30/2012 to present. (Medical records and x-ray films requested separately)";

B. Sutter Solano Medical Center – Radiology Department, seeking "[a]ny and all medical, billing, x-rays pertaining to Carl Edwards, DOB 09/01/1967, specific to head, face, shoulders, back, arms, and hand injuries from 7/30/2012 to present." (Medical records and billing records requested separately)";

C. Sutter Solano Medical Center – Medical Records, seeking "[a]ny and all medical, billing, x-rays pertaining to Carl Edwards, DOB 09/01/1967, specific to head, face, shoulders, back, arms, and hand injuries from 7/30/2012 to present." (Billing records and x-ray films requested separately)."

2. The subpoenas had production dates and times of December 18, 2018 at 9:30 a.m. and December 21, 2018 at 9:30 a.m.

3. Plaintiff's counsel contend that the subpoenaed documents likely contain privileged information to which Defendants are not entitled (such as medical histories of unrelated conditions and/or injuries),ptand that the subpoenas as drafted are overbroad insofar as they seek discovery of information protected by Plaintiff's physician-patient privilege and privacy rights, and which is neither proportional to the needs of this case nor relevant to the claims and defenses in this matter.

4. Plaintiff's counsel and Defendants' counsel met and conferred by email on December 7, 2018. The parties agree to the following "First-Look" Procedure:

   a. Counsel for Defendants shall instruct Quest Discovery Services to obtain the subpoenaed documents on January 10, 2019; however, instead of producing the

        documents to counsel for Defendants, Quest Discovery Services shall instead produce the documents directly to Plaintiff's counsel's business address: Haddad & Sherwin LLP, 505 17th Street, Oakland, CA 94612.

    b. Upon receipt of the subpoenaed documents from Quest Discovery Services, Plaintiff's counsel will then have seven (7) business days to review the documents to see if they contain any privileged information. Privileged information is information regarding diagnoses or treatment of injuries or conditions that were not sustained as a consequence of the incident underlying this case, and which have no possible impact on Plaintiff's treatment or recovery. The parties agree that information is not deemed privileged solely because it is sensitive and not directly related to Plaintiff's treatment for the injuries sustained in the underlying incident. If the documents do contain such information, Plaintiff's counsel shall redact and/or withhold the pages containing that information and Plaintiff's counsel shall create a privilege log complying with Federal Rules of Civil Procedure 45(e)(2)(A)(i)–(ii) and 26(b)(5)(A)(i)–(ii).

    c. On or before the seventh (7th) business day after receiving the records from Quest Discovery Services, Plaintiff's counsel shall serve the subpoenaed documents by Federal Express Priority Overnight on Defendants' counsel; if Plaintiff's counsel has redacted and/or withheld any information, they shall also concurrently serve the privilege log described in ¶ 3(b), above.

5. Counsel for Defendants shall pay for Quest Discovery Services in obtaining the documents and producing them to Plaintiff's counsel, and Plaintiff's counsel shall pay to send them by Federal Express Priority Overnight to Counsel for Defendants.

6. Counsel for Defendants reserves their rights to seek production of any documents that are withheld and/or redacted by Plaintiff's counsel pursuant to the terms of this agreement. Should any such discovery dispute not be subject to resolution through the meet and confer

process, Defendants reserve their rights to file discovery motions with the Court seeking an Order requiring production of withheld documents.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 3, 2019   HADDAD & SHERWIN LLP

*/s/ Teresa Allen*

TERESA ALLEN
Attorneys for Plaintiff

DATED: January 2, 2019   CITY OF VALLEJO

*/s/ Katelyn M. Knight*

KATELYN M. KNIGHT
Deputy City Attorney
Attorney for Defendants

### (PROPOSED) ORDER

PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING, IT IS SO ORDERED.

DATED: January 3, 2019.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE