MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
MAYA RODRIGUEZ SORENSEN (State Bar No. 250722)
TERESA ALLEN (State Bar No. 264865)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Facsimile:   (510) 452-5510

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL EDWARDS, Individually, | No: 2:18-cv-02434-MCE-AC |
| Plaintiff, | |
| vs. | |
| CITY OF VALLEJO, a public entity, VALLEJO CHIEF OF POLICE ANDREW BIDOU, in his individual and official capacities, VALLEJO POLICE OFFICERS SPENCER MUNIZ-BOTTOMLEY, MARK THOMPSON, BRETTON WAGONER, SERGEANT STEVE DARDEN, and DOES 1 through 10, individually, jointly and severally, | **STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER** |
| Defendants. | |

All parties, by and through their counsel of record, stipulate and hereby move this Court to modify its September 5, 2018, Scheduling Order (Doc. 3) to extend discovery and pretrial deadlines by approximately 2 months. The parties propose the following amended dates and deadlines (or as soon thereafter that the Court is available):

| Event | Current date | Proposed Date or Deadline |
|---|---|---|
| Fact Discovery Cut-off | September 5, 2019 | November 5, 2019 |
| Expert Disclosure Deadline | November 4, 2019 | January 17, 2020 |
| Supplemental Expert Disclosure Deadline | December 4, 2019 | February 17, 2020 |
| Dispositive Motions filing deadline | March 3, 2020 | May 15, 2020 |

Good cause exists to grant the requested modification:

1. This is a civil rights case involving allegations of unreasonable seizure, excessive force, and malicious prosecution of Plaintiff, Carl Edwards, against multiple City of Vallejo police officers, *Monell* and supervisory liability claims against the City of Vallejo and its former police chief, and related state law claims.

2. The parties so far have exchanged some written discovery and the Defendants have issued records subpoenas and deposed Plaintiff and an incident witness, and Defendants are scheduled to depose two more incident witnesses on June 11, 2019. The parties were engaged in lengthy meet and confer efforts to resolve discovery disputes concerning Defendants' responses to Plaintiff's Request for Production of Documents, and other matters, which have significantly delayed Plaintiff's depositions of the Defendant-Officers. Among the discovery matters still needing to be resolved are Defendants' objections to Plaintiff's counsel inspecting and photographing tattoos on Defendant officers' non-private body parts, as the Complaint alleges that Defendant officers may be members in a corrupt gang or "clique" of Vallejo officers based on similar tattoos and documented histories of police officer gangs in other law enforcement agencies

noted by similar tattoos. Also, the Complaint includes a *Monell* claim and negligence claim based in part on alleged wrongful hiring of the main Defendant officer in this case, who had been hired by the VPD less than three years before the incident; Defendants are objecting to the production of that officer's hiring and background investigation documentation from the VPD and from his current law enforcement employer. The parties are currently drafting a discovery motion regarding the pending discovery disputes – which Plaintiff believes is necessary before Defendants can be deposed – which will further delay the Defendants' depositions.

3. After deposing the named Defendant officers and other officers present during the incident that is the subject of the Complaint, Plaintiff's counsel represents that they may need to amend the complaint to add Defendant officers, and will likely take additional depositions of VPD personnel including Rule 30(b)(6) witnesses and the former police chief. The parties may also depose medical personnel who were at the scene and Plaintiff's treating physicians.

4. Plaintiff's counsel is involved in a multi-party civil rights/wrongful death case that is scheduled for trial in the Northern District of California on August 12, 2019 (*Smith v. County of Santa Cruz,* et al. No. 5:17-cv-05095-LHK). Plaintiff's counsel is currently working extensively to prepare for trial, which has demanded a significant amount of their time and efforts and has heavily restricted their availability in this matter.

5. The parties agree that the proposed modifications will allow for additional time to adequately complete discovery before the discovery deadline without significantly impacting the Scheduling Order. Because no trial date has been set, this stipulation will not modify or otherwise impact the trial date.

For the foregoing reasons, the Parties respectfully request that this Court enter an order extending the briefing schedule in this case as set forth above.

IT IS SO STIPULATED

Dated: June 12, 2019					HADDAD & SHERWIN LLP

							*/s/ Teresa Allen*
							_____
							TERESA ALLEN
							Attorneys for Plaintiff


DATED: June 12, 2019					CITY OF VALLEJO

							*/s/ Katelyn M. Knight*
							_____
							KATELYN M. KNIGHT
							Deputy City Attorney
							Attorney for Defendants

**ORDER**

Based on the Parties' Stipulation (ECF No. 21), and with good cause appearing therefor, IT IS HEREBY ORDERED that the previous Scheduling Order entered on September 5, 2018 (ECF No. 3) is hereby MODIFIED, and that the following dates are set:

| Event | New Date or Deadline |
| --- | --- |
| Fact Discovery Cut-off | November 5, 2019 |
| Expert Disclosure Deadline | January 17, 2020 |
| Supplemental Expert Disclosure Deadline | February 17, 2020 |
| Dispositive Motions filing deadline | May 15, 2020 |

All other dates and aspects of the September 5, 2018 scheduling order shall remain in effect.

IT IS SO ORDERED.

Dated: June 17, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE