MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
MAYA RODRIGUEZ SORENSEN (State Bar No. 250722)
TERESA ALLEN (State Bar No. 264865)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Facsimile:  (510) 452-5510

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL EDWARDS, Individually,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CITY OF VALLEJO, a public entity, VALLEJO CHIEF OF POLICE ANDREW BIDOU, in his individual and official capacities, VALLEJO POLICE OFFICERS SPENCER MUNIZ-BOTTOMLEY, MARK THOMPSON, BRETTON WAGONER, SERGEANT STEVE DARDEN, and DOES 1 through 10, individually, jointly and severally,<br><br>　　　　　Defendants. | No: 2:18-cv-02434-MCE-AC<br><br>**STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER** |

All parties, by and through their counsel of record, stipulate and hereby move this court to modify its June 12, 2019, Scheduling Order (Doc. 21) to extend discovery and pretrial deadlines by approximately three months. The parties propose the following amended dates and deadlines (or as soon thereafter that the Court is available):

| Event | Current date | Proposed Date or Deadline |
|---|---|---|
| Fact Discovery Cut-off | November 5, 2019 | March 13, 2020 |
| Expert Disclosure Deadline | January 17, 2020 | April 17, 2020 |
| Supplemental Expert Disclosure Deadline | February 17, 2020 | May 15, 2020 |
| Dispositive Motions filing deadline | May 15, 2020 | August 28, 2020 |

Good cause exists to grant the requested modification:

1. This is a civil rights case involving allegations of unreasonable seizure, excessive force, and malicious prosecution of Plaintiff, Carl Edwards, against multiple City of Vallejo police officers, *Monell* and supervisory liability claims against the City of Vallejo and its former police chief, and related state law claims.

2. Plaintiff propounded his Request for Production of Documents ("RFP") on Defendants on January 23, 2019. After two extension requests, Defendants served their responses on March 11, 2019. The parties met and conferred extensively regarding Defendants' refusal to produce Officer Bottomley's hiring, background investigation, and application for employment records in response to RFP No. 6 and Plaintiff's request to photograph Defendants' tattoos on their non-private body parts during their video-taped depositions based on Plaintiff's *Monell* claim against the City of Vallejo for wrongful hiring. Because Defendants refused to produce Officer Bottomley's hiring, background investigation, and employment application records, Plaintiff served a subpoena on Officer Bottomley's current employer, Sonoma County Sheriff's Office, for essentially the same records. Defendants objected to the subpoena.

3. While the discovery issues were pending, Defendants' counsel took a series of depositions, beginning with Plaintiff on April 25, 2019, and witnesses Christine Hodges on May 21, 2019, Paul Ghandi on June 11, 2019, and Annice Chea on July 11, 2019. In Plaintiff's view, the pending discovery matters prevented Plaintiff's counsel from proceeding with the Defendants' depositions.

4. On July 11, 2019, the parties filed a Joint Statement re Discovery Dispute to address the discovery matters (Doc. 25). On August 6, 2019, after a hearing on the motion, the Court ordered the Defendants to produce Officer Bottomley's hiring, background investigation, and employment application records by August 20, 2019 and the SCSO was ordered to produce the subpoenaed documents by August 27, 2019 (Doc. 28). The Court denied Plaintiff's request to photograph tattoos on non-private parts of Defendants' bodies without prejudice to Plaintiff bringing another motion with good cause after deposing Defendants. *Id.*

5. The Defendants produced the Court-ordered documents two weeks later on the due date of August 20, 2019. The SCSO produced the subpoenaed documents late, on September 9, 2019.

6. On August 7, 2019, Plaintiff's counsel emailed Defendants' counsel proposed dates in September to depose the Defendants and other VPD officers at the scene of the incident, after Officer Bottomley's records would have been produced from the Defendants and the SCSO in accordance with the Court's Order. Plaintiff's counsel requested that all six depositions take place on back-to-back dates and that Officer Bottomley's deposition be taken first. Defendants were unable to produce the defendants for deposition on any of the proposed dates. After working with the officers to coordinate their schedules, Defendants were able to accommodate Plaintiff's request and offered back-to-back dates in mid-October. The Defendants' and the other VPD officers'

depositions are now scheduled for October 9 and 10, 2019. This was the earliest two-days on which Defendants could produce themselves for deposition. Fact-Discovery closes on November 5, 2019.

7. The parties were engaged in lengthy meet and confer efforts to resolve discovery disputes concerning Defendants' responses to Plaintiff's RFP, the subpoena to the SCSO, and the photographing of Defendants' tattoos, which have significantly delayed Plaintiff's depositions of the Defendants. The discovery motion and Defendants' inability to produce the Defendants and other VPD officers for depositions in September have further delayed the depositions.

8. After deposing the named Defendant officers and other officers present during the incident, Plaintiff's counsel represents that they may need to amend the complaint to add Defendant officers, and will likely take additional depositions of VPD personnel including Rule 30(b)(6) witnesses and the former police chief. As permitted by the discovery order (Doc. 28), Plaintiff may also seek leave to photograph and/or seek additional testimony from Defendant officers concerning their tattoos after their October depositions. The parties may also depose medical personnel who were at the scene as well as Plaintiff's treating physicians.

9. Additionally, Defendants plan to depose additional percipient witnesses and damages witnesses that Plaintiff disclosed. Plaintiff initially disclosed seven damages witnesses, in addition to five non-party percipient witnesses. After meeting and conferring, Plaintiff's counsel withdrew two of the seven damages witnesses. Defendants' counsel intends to take the deposition of all damages witnesses who might be called at trial and has sought a stipulation from Plaintiff's counsel to permit additional depositions to be taken. The parties are currently meeting and conferring to determine whether Plaintiff may withdraw additional damages witnesses.

10. The proposed modifications are necessary to permit Plaintiff to finally depose Defendant officers with time to follow up with additional discovery and/or depositions following that first round of depositions and Defendants to complete all necessary witness depositions. A

further discovery motion would also take over two months, including meeting and conferring, drafting a joint discovery brief, and having the matter heard.

11. The proposed modifications will allow the parties to accommodate the schedules of all parties and deponents and to complete the numerous depositions contemplated without the time constraints under the present scheduling order. The proposed modifications will also avoid incurring possibly unnecessary attorneys' fees and costs that completing discovery by the current deadline would require.

12. There has been one previous modification of the original scheduling order (Doc. 24) to which the Parties stipulated and were granted an approximately two month extension to the scheduling dates and deadlines. At the time, the Parties believed that the additional time requested was appropriate to meet the needs of the case. However, it has become apparent to all Parties that based on the delays caused by the discovery disputes, scheduling conflicts, and the number of depositions that still need to be taken, more time is needed to adequately prepare for trial. Because no trial date has been set, this stipulation will not modify or otherwise impact the trial date.

13. Even though the parties have had to bring one discovery motion, they continue to work together professionally and cooperatively through counsel.

14. Finally, Plaintiff's counsel will be out of state and unavailable from June 11-23, 2020, and from August 14-25, 2020.

For the foregoing reasons, the Parties respectfully request that this Court enter an order extending the pretrial dates in this case as set forth above.

IT IS SO STIPULATED.

DATED:  September 13, 2019               HADDAD & SHERWIN LLP

                                         /s/ Teresa Allen
                                         _____
                                         TERESA ALLEN
                                         Attorneys for Plaintiff


DATED: September 13, 2019                CITY OF VALLEJO

                                          /s/ Katelyn M. Knight
                                         _____
                                         KATELYN M. KNIGHT
                                         Deputy City Attorney
                                         Attorney for Defendants

## ORDER

Based on the parties' stipulation (ECF No. 30), and with good cause appearing therefor, IT IS HEREBY ORDERED that the previous Scheduling Order entered on June 18, 2019 (Doc. 24) is hereby modified, and that the following dates are set:

| Event | New Date or Deadline |
|---|---|
| Fact Discovery Cut-off | March 13, 2020 |
| Expert Disclosure Deadline | April 17, 2020 |
| Supplemental Expert Disclosure Deadline | May 15, 2020 |
| Dispositive Motions filing deadline | August 28, 2020 |

All other dates and aspects of the June 18, 2019 scheduling order shall remain in effect.

IT IS SO ORDERED.

Dated: September 25, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE